# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**BOBBY WILCHER,** *Petitioner*

*versus*      **CIVIL ACTION NO. 3:98-CV-236WS**

**CHRISTOPHER B. EPPS, COMMISSIONER**
**MISSISSIPPI DEPARTMENT OF CORRECTIONS,** *Respondent*

### ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS
_____

**CAME ON** for hearing the petitioner's *pro se* Motion To Drop All Remaining Appeals And To Allow The State To Immediately Proceed With Petitioner's Execution filed in the above styled and numbered cause on May 24, 2006. Present for this hearing were the petitioner, counsel for the petitioner and counsel for the respondent.

Petitioner is currently under two separate convictions of capital murder and sentences of death for the March 6, 1982, murders of Velma Odell Noblin and Katie Bell Moore. Petitioner was convicted of the Noblin capital murder and sentenced to death in Circuit Court of Scott County, Mississippi, on July 31, 1982. That conviction and sentence was affirmed by the Mississippi Supreme Court on direct appeal. *Wilcher v. State*, 448 So. 2d 927 (Miss.), *cert. denied*, *Wilcher v. Mississippi*, 469 U.S. 873 (1984). Later, after a motion for change of venue had been granted, petitioner was convicted of capital murder and sentenced to death for the Moore murder. This conviction and sentence were affirmed on direct appeal to the Mississippi Supreme Court. *Wilcher v. State*, 455 So. 2d 727 (Miss. 1984), *cert. denied*, 470 U.S. 1034 (1985).

Wilcher then filed motions for post-conviction review with the state court in both cases. These two post-conviction petitions were consolidated for decision. The consolidated post-conviction petition was denied on October 9, 1985. *Wilcher v. State*, 479 So. 2d 710 (Miss. 1985), *cert. denied*, 479 U.S. 1078 (1986).

Petitioner then filed two petitions for writ of habeas corpus with this Court. *Wilcher v. Cabana*, No. J86-0310 and *Wilcher v. Cabana*, No. J86-0311. These two habeas petitions were consolidated for consideration by this Court. On June 19, 1990, this Court denied habeas relief in an unpublished memorandum opinion and order. Petitioner then took his appeal to the United States Court of Appeals for the Fifth Circuit. On appeal the Fifth Circuit held the use of the undefined "especially heinous" aggravating factor during the sentencing phases of both trials required that both death sentences be vacated unless the State initiated proceedings to have a review under *Clemons v. Mississippi*, 494 U.S. 738 (1990), performed by the Mississippi Supreme Court within a reasonable time. The Fifth Circuit affirmed the denial of relief as to all other grounds raised in the habeas petition. *Wilcher v. Hargett*, 978 F.2d 872, *reh. and sugg. reh. en banc denied*, 981 F.2d 1254 (5th Cir. 1992) (*Wilcher IV*). Wilcher then took a petition for writ of certiorari challenging the Fifth Circuit's affirmance of the district court. The United States Supreme Court denied certiorari on October 4, 1993. *Wilcher v. Hargett*, 510 U.S. 892, 114 S. Ct. 96, 126 L. Ed. 2d 63 (1993).

The State initiated proceedings in the state court to have the sentences in these cases reconsidered. On October 7, 1993, the Mississippi Supreme Court vacated the sentence of

death in these case and held that a new sentencing hearing must be conducted in the trial court in both cases. *Wilcher v. State*, 635 So. 2d 789 (Miss. 1993) (Consolidated). Pursuant to this ruling, a new sentencing hearing was held in the Noblin case in Circuit Court of Rankin County, Mississippi, in June, 1994. On June 23, 1994, Wilcher was resentenced to death by a jury. In the Moore case, a new sentencing hearing was held in the Circuit Court of Harrison County, Mississippi, in July 18-21, 1994. On July 21, 1994, Wilcher was resentenced by a jury.

The sentence of death imposed at the resentencing hearing conducted in the Circuit Court of Rankin County in the Noblin case was affirmed on March 13, 1997, by the Mississippi Supreme Court. *Wilcher v. State*, 697 So.2d 1087 (Miss. 1997), *cert. denied*, 522 U.S.1053, *reh. denied,* 522 U.S. 1154 (1998). The sentence of death imposed at the resentencing hearing conducted in the Circuit Court of Harrison County in the Moore case was also affirmed by the Mississippi Supreme Court on March 13, 1997. *Wilcher v. State*, 697 So.2d 1123 (Miss. 1997), *cert. denied*, 522 U.S.1053, *reh. denied,* 522 U.S. 1154 (1998).

Wilcher then filed two state post-conviction petitions challenging the sentences of death imposed in the resentencing trials on December 23, 1998. On October 2, 2003, the Mississippi Supreme Court denied post-conviction relief in both cases. *Wilcher v. State*, 863 So.2d 719 (Miss. 2003), *cert. denied,* 542 U.S. 942, *reh. denied*, 542 U.S. 961 (2004) (Noblin case); *Wilcher v. State*, 863 So.2d 776 (Miss. 2003), *cert denied,* , *cert. denied,* 542 U.S. 942, *reh. denied*, 542 U.S. 961 (2004).[1]

---

[1] Only one petition for writ of certiorari was filed for both cases.

Petitioner then filed the two petitions for writ of habeas pending before this Court. This Court again consolidated the petitions in the two cases for decision.

After receiving petitioner's motion to dismiss his habeas petition and have the state proceed to execute him, the Court scheduled a hearing on the motion for June 7, 2006. Because one of petitioner's attorneys was ill on the scheduled date and the other was out of the country, the Court continued the hearing until June 8, 2006. The Court also arranged for the petitioner to be present at the hearing.

Prior to the hearing on June 8, 2006, petitioner was allowed to consult with one of his attorneys for approximately one hour. Shortly after the beginning of the hearing, the attorney who had been ill the day before arrived in Court and the Court allowed counsel again to consult with counsel for approximately 40 minutes. At the conclusion of this consultation, the hearing was called to order.

After hearing arguments of counsel that they did not think petitioner should dismiss his appeals, the Court heard from the petitioner. Petitioner clearly stated that he wished to dismiss the habeas petition pending before this Court and to have the State of Mississippi proceed with his execution, no matter what his attorneys thought he should do. Petitioner's counsel then raised a question regarding petitioner's competency to waive further litigation of his case. In making this argument counsel brought the case of *Rees v. Peyton*, 384 U.S. 312 (1966), to the Court's attention. The respondent was allowed to respond to the arguments of petitioner's counsel regarding the precedent found in *Rees v. Peyton, supra*.

4

The Court then extensively questioned petitioner regarding his motion. After examining petitioner and discussing with him the import of what he was requesting, the Court finds that petitioner is competent to waive his appeals.

The Court finds that petitioner has the capacity to appreciate his position in this case. The Court finds that petitioner is capable of making a rational choice with respect to continuing or abandoning further litigation of this case. Further, the Court finds that petitioner is not suffering from a mental disease, disorder, or defect which may substantially affect his capacity to make the decision to waive further litigation of this case. After considering the arguments of counsel and the extensive discussion with the petitioner, the Court finds that petitioner is competent under the standard set forth in *Rees v. Peyton, supra*.

Having found that petitioner is competent to make the decision whether or not to continue further litigation of his case, the Court finds that petitioner's motion to dismiss his habeas petition should be granted.

IT IS THEREFORE ORDERED AND ADJUDGED that petitioner's *pro se* motion to dismiss the petition for writ of habeas is granted.

IT IS FURTHER ORDERED AND ADJUDGED that the petition for writ of habeas corpus in this case is hereby dismissed with prejudice and the stay of execution previously entered in this case is hereby vacated..

SO ORDERED this the 13th day of June, 2006.

                                       s/ HENRY T. WINGATE
                                       CHIEF UNITED STATES DISTRICT JUDGE

Civil Action No. 3:98-236 WS