IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

BOBBY WILCHER                                                                          PETITIONER

V.                                                              CIVIL ACTION NO. 3:98-CV-236WS

CHRISTOPHER B. EPPS, COMMISSIONER
MISSISSIPPI DEPARTMENT OF CORRECTIONS,                             RESPONDENT

## ORDER DENYING MOTION TO SET ASIDE

Before the court is the motion filed by counsel for the petitioner Bobby Wilcher in the above styled and numbered cause asking this court to reconsider and set aside its Orders dated June 14, 2006, and June 23, 2006, permitting Bobby Wilcher to abandon his appeals in this case and to reinstate this court's stay of execution. Counsel also seeks a mental health evaluation of Wilcher to determine whether he is mentally able to decide to abandon his appeals.

Previously, this court determined that Bobby Wilcher had the capacity to appreciate his position and to make a rational choice with respect to continuing or abandoning further litigation and choosing instead to be executed at the earliest date to be set by the Mississippi Supreme Court. The court also determined from its inquiry and observation that Wilcher was not suffering from a mental disease, disorder, or defect which may substantially affect his capacity to make his decision. *See Rees v. Peyton*, 384 U.S. 312, 313, 86 S.Ct. 1505, 16 L.Ed.2d 583 (1966) (directing the district court to determine an individual's mental competence *in the present posture of things, that is, whether he has the capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation or on the other hand*

*whether he is suffering from a mental disease, disorder, or defect which may substantially affect his capacity in the premises*") (emphasis added).

Now, counsel for Wilcher again approaches the court asking for a mental evaluation and hearing on this matter. Counsel for Wilcher notes that Wilcher is taking the drug Tegretol, a treatment for epilepsy which sometimes is prescribed for depression and for control of aggressive behavior. See *RxList*, The International Drug Index, www.rxlist.com/cgi/generic/carbam.htm. The State of Mississippi agrees that the medical records show Wilcher has been prescribed Tegretol as treatment for bipolar disorder, noting that his condition currently is stabilized by the indication of this medication. The State of Mississippi further submits that persons suffering from bipolar disorder who are being treated for the condition are competent under the *Rees* standard to make a rational decision whether to waive legal review of their sentences.

The United States Supreme Court and other federal courts have continued to apply the *Rees* standard when evaluating a capital inmate's competency to waive further litigation and be executed. *See Gilmore v. Utah*, 429 U.S. 1012, 97 S.Ct. 436, 50 L.Ed.2d 632 (1976); *Smith v. Armontrout*, 812 F.2d 1050, 1056 (8th Cir. 1987), rejecting the argument that *Rees* barred waiver of post-conviction review in capital cases based on the mere possibility that the inmate's decision was the product of a mental disease, disorder or defect; *Rumbaugh v. Procunier*, 753 F.2d 395, 398-99 (5th Cir. 1985)(same), and *Hays v. Murphy*, 663 F.2d 1004 (10th Cir. 1981).

This court already has concluded from its observation and inquiry, and from the many mental examinations of Wilcher conducted in the past and presented as exhibits

to this court, that Wilcher is not now suffering from a mental disease, disorder, or defect which might affect substantially his capacity to make the decision that he has to waive further litigation of this case.  Once the court makes this determination, counsel has no standing to proceed on Wilcher's behalf in this matter and pursue further hearings and investigations in contravention of Wilcher's decision.  See *Whitmore v. Arkansas*, 495 U.S. 149, 165, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990) (denying next-friend status to counsel in similar circumstances).

Further, on June 28, 2006, Wilcher himself filed a motion before this court [docket # 62] styled "Motion Requesting That This Court Not Accept/Consider Any Motions/Petitions/Pleadings/Etc Filed By Petitioner's Counsel, Or By Anyone Else, That Does Not Have His Signature On It."  In this motion, Wilcher reiterates his desire to be put to death.  He also states that he expects his attorneys to file a "volley of motions" seeking to frustrate his desire.  Wilcher asks this court to deny any such motions and to allow his execution date to stand.

Therefore, having considered the motion of Wilcher's counsel, the response of the State of Mississippi, and the exhibits of the parties, this court hereby denies the instant motion [docket # 60] in its entirety.

**SO ORDERED**, this the 30th day of June, 2006.

                                        s/ HENRY T. WINGATE
                                        CHIEF UNITED STATES DISTRICT JUDGE


CIVIL ACTION NO. 3:98-CV-236WS
Order denying instant motion [docket # 60]