United States Court of Appeals
Fifth Circuit

**F I L E D**

July 10, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-70031

BOBBY WILCHER,

                Petitioner-Appellant,

versus

JAMES V ANDERSON, Superintendent, Mississippi State Penitentiary,

                Respondent-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
(3:98-CV-236WS)

SOUTHERN DISTRICT OF MISSISSIPPI
**F I L E D**
JUL 1 4 2006
J. T. NOBLIN, CLERK
BY_____ DEPUTY

Before JONES, Chief Judge, WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Against his client's wishes, Counsel for Petitioner-Appellant Bobby Glen Wilcher applied for a certificate of appealability ("COA") to appeal the district court's Order Dismissing Petition for Writ of Habeas Corpus. That Order was issued after the court conducted a hearing on Wilcher's _pro se_ filing styled "Motion To Drop All Remaining Appeals And To Allow The State To Immediately Proceed With Petitioner's Execution."

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

At the hearing, Wilcher explained that he had not terminated Counsel's representation because he (Wilcher) understood that doing so would prolong the appellate proceedings that he desired to end. Counsel for Wilcher is before us to appeal the district court's finding that Wilcher is mentally competent to voluntarily dismiss his habeas petition and submit to being executed.

While this application was pending before us, counsel for Wilcher filed a pleading — after hours on Friday, July 7, 2006 — styled Petitioner's Motion To Reinstate Appeals and Stay Execution, and accompanied by Wilcher's bare-bones affidavit signed and notarized the same day. This latest filing begins "Petitioner-Appellant Bobby Wilcher hereby withdraws his pro se motion to terminate all appeals ...." Yet, Counsel has filed no motion for Wilcher in this court for authority to "withdraw" Wilcher's pro se motion that was filed in and granted by the district court, and has cited no authority for this court to allow withdrawal of the motion (or vacatur of the Order granting it, which is before us on application for COA filed against Petitioner's earlier-stated wishes). This sudden about-face strikes us as nothing more than an Eleventh-hour death row plea for mercy finally elicited from Wilcher by Counsel; the accompanying affidavit states only a conclusional flip-flop by Wilcher, who had cogently and voluntarily testified at length in the district court hearing only weeks

earlier that enough was enough, and that he wished to abandon all appeals and submit to execution forthwith.

Having carefully reviewed counsel's application and supporting documents, the State's response, the transcript of the hearing in the district court, and the district court's Order, we conclude that the district court committed no error, and that reasonable jurists would not disagree with the propriety of that court's Order. We therefore deny the application for COA.

The long-established legal standard concerning the competency of a death row inmate to abandon further appeals of his sentence is "whether he has capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation or on the other hand whether he is suffering from a mental disease, disorder, or defect which may substantially affect his capacity in the premises."[2] We have held that "a habeas court must conduct an inquiry into the defendant's mental capacity ... if the evidence raises a bona fide doubt as to his competency," noting that "the extent and severity of the petitioner's history of mental health problems which have been brought to the court's attention influence the breadth and depth of the competency inquiry required."[3]

---

[2] Rees v. Peyton, 384 U.S. 312, 314 (1966).

[3] Mata v. Johnson, 210 F.3d 324, 330 (5th Cir. 2000). In Streetman v. Lynaugh, 835 F.2d 1521, 1525 (5th Cir. 1988), we observed that a district court is required to order a psychiatric

The district court entered its finding of Wilcher's mental competency under the Rees standard after extensively questioning him in person in open court, observing his demeanor, and reviewing past mental examinations. We are satisfied that the inquiry conducted by the district court was constitutionally sufficient, as the evidence presented to the court did not raise a bona fide doubt as to Wilcher's competency.[4] There was not, for example, evidence of a long history of uncontrolled mental health problems,[5] and Wilcher was physically present at the hearing and was personally examined in depth by the district court.[6]

That able and persuasive Counsel was finally successful in convincing Wilcher to do an about-face scant days before his

---

examination "only once a certain threshold showing [of a lack of competency] has been made ...."

[4] See Mata, 210 F.3d at 329-30 (setting forth as factors to be considered in determining whether there is a "bona fide doubt" as to competency: (1) any history of irrational behavior, (2) defendant's demeanor at trial, and (3) any prior medical opinion on competency) (citing Davis v. Alabama, 545 F.2d 460, 464 (5th Cir. 1977)).

[5] Although Wilcher has been prescribed Tegretol as treatment for bipolar disorder, the district court implicitly found that his condition is stabilized and under control.

[6] In Mata, we reversed the district court's order dismissing the petition for habeas corpus because the evidence presented to the court included thirty years of documented mental health problems, repeated suicide attempts, numerous hunger strikes, and the district court neither ordered an expert psychological examination nor conducted its own examination. 210 F.3d at 331.

requested execution is not surprising — but is without authority under applicable law and is to no avail.[7]

We therefore DENY Petitioner's motions for stay of execution, DISMISS his request to reinstate his appeals, and DENY his application for COA to appeal the district court's Order dismissing his petition for a writ of habeas corpus.

A true copy
Attest:
Clerk, U. S. Court of Appeals, Fifth Circuit
By _____ Deputy
New Orleans, Louisiana

---

[7] We note that Counsel did not present Wilcher's change of heart as, for example, a successive application for a writ of habeas corpus; but even that would fail to meet the applicable standard.  See 28 U.S.C. § 2244(b)(2) (claim that was not previously presented shall be dismissed unless it relies on a new rule of constitutional law or is predicated on newly-discovered facts demonstrating actual innocence).